UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

WANDA BUSH,  :
:
        Appellant,  :    NO.   3:06cv1532 (MRK)
:
v.  :
:
:
BANK OF NEW YORK,  :
:
        Appellee.  :

## RULING AND ORDER

On January 31, 2007, the Court issued an Order to Show Cause [doc. # 5] directing the Appellant to respond to Appellee's Motion to Dismiss [doc. # 4] and to show cause why the appeal should not be dismissed either under Bankruptcy Rule 8009 or 8002. Appellant, who is represented by counsel, was warned that failure to respond to the Court's order on or before February 7, 2007 would result in the dismissal of this appeal.

In its Motion to Dismiss [doc. # 4], Appellee argued that this Court lacked jurisdiction over Ms. Bush's appeal because she had not timely filed her notice of appeal in accordance with Bankruptcy Rule 8002. The Second Circuit in *Siemon v. Emigrant Savs. Bank (In re Siemon)*, 421 F.3d 167 (2d Cir. 2005), held that failure to comply with Bankruptcy Rule 8002 deprives a district court of jurisdiction to hear an appeal. The Court notes, however, that there is some tension between the holding in *Siemon* and the Supreme Court's decisions in *Kontrick v. Ryan*, 540 U.S. 443 (2004) (holding that the limitation on extension of time Bankruptcy Rule 4004 creates an inflexible claim-processing rule, rather than a jurisdictional bar), and *Eberhart v. United States*, 126 S. Ct. 403, 407

1

(2005) ("Rule 33, like Rule 29 and Bankruptcy Rule 4004, is a claim-processing rule–one that is admittedly inflexible because of Rule 45(b)'s insistent demand for a definite end to proceedings."). *Kontrick* and *Eberhart* stand for the proposition that rules like Bankruptcy Rule 8002 "are not 'jurisdiction[al],' but are instead 'claim-processing rules,' that may be 'unalterable on a party's application' but 'can nonetheless be forfeited if the party asserting the rule waits too long to raise the point.'" *Eberhart*, 126 S. Ct. at 404 (quoting *Kontrick v. Ryan*, 540 U.S. at 456); *see In re Johns-Manville Corp.*, 2007 WL 106516, *4 (2d Cir. Jan. 17, 2007)("*Eberhart* thus conveys two significant messages concerning a time limit for taking action . . . imposed on litigants by procedural rules. First, the time limit is not jurisdictional. . . . Second, a court must strictly enforce the time limit if an adverse party invokes it."). Happily, the Court need not resolve that tension in this case, because Appellee has timely raised its challenge to Ms. Bush's compliance with Bankruptcy Rule 8002, and therefore, if Ms. Bush did indeed fail to comply with Rule 8002, her appeal must be dismissed under the reasoning of either *Siemon* or *Kontrick*/ *Eberhart*.

There is some question, however, whether Ms. Bush's appeal is untimely. The docket sheet in the Bankruptcy Court reveals that a Notice of Appeal [doc. # 34] on Ms. Bush's behalf was docketed on September 18, 2006, the last timely day after the Bankruptcy Court entered its September 6, 2006 order [doc. # 25]. The docket sheet also contains a Receipt of Notice of Appeal [doc. # 45], which was not docketed until September 29, 2006. It is the docket entry for the Receipt of Notice of Appeal to which the Appellee points as evidence that Ms. Bush's appeal is untimely. Unfortunately, Ms. Bush has not responded to the Motion to Dismiss, to the Notice from the Clerk's Office to file her brief in accordance with Bankruptcy Rule 8009, or this Court's January 31, 2007 Order to Show Cause [doc. # 5]. Nor has Appellee addressed, or even mentioned, the docketed

Notice of Appeal [doc. # 34], which was, in fact, timely. *See* 16A Wright & Miller, Federal Practice & Procedure § 3949.3, at 56 ("The failure to prepay the statutory filing fee is not a jurisdictional defect."); *In re Texaco Inc.*, 102 B.R. 29, (S.D.N.Y. 1989) (holding that failure to timely remit filing fee did not affect timeliness of notice of appeal).

Because of the ambiguity (both factual and legal) surrounding the Court's jurisdiction, the Court will exercise caution and assume that it has jurisdiction over Ms. Bush's appeal. However, the Court nevertheless must dismiss the appeal because Ms. Bush has failed to respond to this Court's January 31, 2007 order and has failed to timely file her appellate brief in accordance with Bankruptcy Rule 8009. *See In re Enron Corp.*, 2007 WL 221242, *3 (2d Cir. Jan. 29, 2007) (holding that "the fifteen days given to an appellant to file a brief [under Bankruptcy Rule 8009] begins to run once the appeal is docketed and notice has been sent"); *In re Tampa Chain Co.*, 835 F.2d 54, 56 (2d Cir. 1987) (affirming district court's exercise of discretion to dismiss for failure to comply with Bankruptcy Rule 8009 where "defendants filed no brief for some seven months after the due date, . . . their attorney offered no explanation or excuse for their failure to file a brief, and . . . the district court dismissed for failure to prosecute only after it had inquired as to the reason for the failure to file and was given no explanation"). Ms. Bush's brief was due October 12, 2006, but was never filed. The Court inquired of Ms. Bush (who is represented by counsel) why she has failed to file her brief, but to date Ms. Bush has not responded to the Court's Order [doc. # 5]. In the absence of a showing of good cause to excuse Ms. Bush's repeated failure to respond to any of the Court's orders and requests as well as her failure to file her brief, the Court DISMISSES Ms. Bush's appeal.

**The Clerk is directed to close this file.**

IT IS SO ORDERED.

/s/      Mark R. Kravitz
United States District Judge

**Dated at New Haven, Connecticut: <u>February 9, 2007.</u>**